Oyez, oyez, oyez. The Honorable Appellate Court, 5th District, State of Illinois is now in session. The Honorable Justice Moore presiding along with Justice Welch and Justice Vaughn. The first case this morning is 522-0594, Richard v. Clemens. Arguing for the appellant is Bart Zimmer. Arguing for the appellee is Brian Wendler. Each side will have 15 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Counsel for the appellant, are you ready to proceed? Yes, I am, Your Honor. Please state your name for the record and you may proceed. Good morning, Your Honors. Bart Zimmer for the appellant, Lina Clemens. May it please the court and counsel. Your Honors, this is a rather straightforward case. The only issue here is jurisdiction over the defendant, Ms. Clemens. This is a case where Ms. Clemens resided in South Dakota at the time of an alleged incident that took place entirely within the state of Missouri. Illinois has two types of jurisdiction, general and specific. The question on the general jurisdiction would be whether Ms. Clemens was a resident of the state of Illinois, and on specific would be a specific connection between this incident and Ms. Clemens' actions. On the question of residence, Ms. Clemens testified both through her affidavit and through deposition testimony taken at request of the plaintiff's counsel that she lived in South Dakota for approximately a year before this alleged incident that took place in Missouri. She intended to reside in South Dakota at the time of the alleged incident. She did not intend to reside in Illinois at the time of the- What about this apartment that she had? Well, she owns a house in Illinois, and that's undisputed. But that is not where she was living at the time of the incident. Ms. Clemens is serving in the United States Air Force. She's originally from Pennsylvania. She was stationed for a period of time in Illinois. While she was here, she bought a home she lived in that home while she was stationed in Illinois. She was then transferred to South Dakota and physically moved to South Dakota at that time. She testified that she does not know where she intends to live after she gets out of the military. She does not have any plans to return to Illinois to return to that home that she owns. Her intention right now is to continue to serve in South Dakota for the remainder of that deployment. That is the only place she actually has an intent to live. Did she buy that home when she was at Scott Air Force Base? Yes, she did. Illinois' longstanding Supreme Court precedence is that a person has a single domicile or residence under the Schultz case. To establish a residence, a person has to physically go to a new home and live there with the intention of making it their permanent residence, which is what she's done by physically moving to South Dakota. She testified that she did return briefly to that home shortly before the incident for a vacation, but she testified she had no intention of making Illinois her permanent residence again when she returned to home for a couple night stay. She intended to return to South Dakota, which is what she has in fact done. She's continued to reside there to the present day and through the time of her deposition testimony, which is the last documentary evidence in the case. Is that Illinois home for sale? It was not for sale at the time of her deposition testimony. It's not on the record, but I believe she is intending to sell it. At the time of her deposition, she had not put the home up for sale. She did still have some items in the house, but no clothing and no furniture? Old clothes that didn't fit and old decorations? That's what her deposition testimony was. Furniture, I don't recall offhand. I'd have to look at the testimony. I don't think it makes a difference under Illinois' law. Illinois' law is not that if you store products at your home, that that subjects you to general jurisdiction. General jurisdiction, again, you can only have one residence under Illinois' law. Her testimony of where her intent to live was is the thing that decides that, along with the action of actually physically moving to the state of South Dakota, there's no dispute in this case that she was physically living in South Dakota for approximately a year before this incident. There's no dispute that she returned to South Dakota and has continued to live there through the entirety of the documentary evidence in this case. Does she still pay taxes in Pennsylvania? She formerly paid taxes in Pennsylvania? I believe that she does pay her taxes under Pennsylvania. There was a discovery request for those. We objected to those on privacy grounds. That was not resolved before the time of the deposition. I'm not sure if that changes anything as far as her domicile. Under the Hatcher case, which plaintiffs cited, when a military person moves to another state for their deployment, that doesn't necessarily change their state of residence for purposes of general jurisdiction, but the specific thing that the court looked at in that case was the intent of the party. Again, in the Hatcher case, the person intended to return back to their home domicile state after their deployment. Ms. Clemons is a little bit different because she's a career military enlistee, and she doesn't know where she's going to go after she gets out of the She could go back anywhere. I don't remember if she testified to it necessarily on the record, but her intent is to return somewhere, probably on the East Coast. Again, her intent, as established by both her deposition and her affidavit, was to reside in Illinois for a period of time while she was at Scott Air Force Base. Then she physically moved to South Dakota and which was sort of open-ended. It didn't have an end date or anything like that. Why do you believe Illinois' long-arm statute does not apply? Well, for Illinois' long-arm statute, for specific jurisdiction, the court has, under the Aspen case, essentially said if an incident occurs entirely in another state, then the only thing that's at issue is general jurisdiction. Under the case law that the and the case law that Illinois has recognized from the Supreme Court, there has to be some sort of connection between the specific alleged actions of the defendant and the case that they're bringing. In this case, all she did was own a home. This isn't a case about collecting property taxes or if she rented that home to someone and the plumbing went out and she refused to fix it. The federal Supreme Court has looked at what sort of connection does there need to be. There does not need to be a strict causal connection, but there has to be some sort of affiliation between the actions that the defendant took in the state of Illinois and this specific incident. There is no affiliation between what she did in Illinois and this action. This action took place entirely in Missouri. It's not like she knew this person in Illinois and they traveled to Missouri together. She didn't know this person at all. The plaintiff has cited some cases, and I think the main one they cited is this Quisilla case, and I think that between what would allow for specific jurisdiction under Illinois' long-arm statute versus what happened here. In Quisilla, there was a Wisconsin defendant who contracted for some work in Wisconsin, but they were reaching out to Illinois people. They were entering contracts with Illinois contractors. They were reaching out to subcontractors in Illinois. Ms. Clemons here didn't do anything in Illinois or related to Illinois that has anything to do with this alleged incident, personal injury incident, that took place entirely in Missouri. There has to be some sort of connection between the actions that she took in regards to Illinois and this specific incident. In this case, there's just no relation. The fact that she previously owned a home there or that she stayed in Illinois the night before, that has no connection to what happened in Missouri. I think this would greatly expand Illinois' long-arm statute. Essentially, now, you could say if someone stayed in Illinois the night before they got into a car accident in Wisconsin, that Illinois would be a proper jurisdiction against that defendant. I don't see that. The plaintiff has also cited the fact that she lives in Illinois and that she went back to Illinois for treatment. The case law is very clear and totally irrelevant. It's only the actions of the defendant herself that can subject her to Essentially, there would need to be something that's required to be in the complaint. Not necessarily an element of the tort, but some action that Ms. Clemons took in Illinois that specifically relates to this incident. The justification for taking jurisdiction over a defendant who's a non-resident is that they avail themselves of the protections of Illinois law. When Ms. Clemons went to Missouri, once she was in Missouri, she was not availing herself to anything related to Illinois law at that time. There's just no connection to this alleged personal injury that took place in St. Louis. I don't think the long-arm statute would help the plaintiff here. Then it just goes back to general jurisdiction, which again, you can only have one residence. You can only be subject to general jurisdiction of one state. Ms. Clemons physically resided in South Dakota for approximately a year before this incident. She intended to reside in South Dakota. That's what establishes the general jurisdiction. In this case, there's no general and there's no specific jurisdiction. Ms. Clemons properly moved. She entered a limited appearance and moved to have service on her struck and to have this case dismissed. I believe that that's what this court should order the trial court to do. Anything else? I don't have anything else. I don't need the remainder of the time. Any questions, Justice Welch or Vaughn? No questions. No other questions. Thank you. Thank you. You'll have an opportunity for rebuttal. Counsel for Appolite, please state your name and you may proceed. I am Brian Wendler. May it please the court, Mr. Zimmer. It's my honor to be here today to argue this appeal on behalf of my client. The old adage, actions speak louder than words, is applicable here. But in this case, we have both actions and words that support the judge's decision and determination that the defendant was a resident of Illinois at the time of the actions. I don't intend to repeat all the facts in the brief because it's obvious the panel here has read the briefs and is familiar with the facts. But the only home this lady ever owned is in Belleville, Illinois. She continues after being transferred. She continues paying utilities there. She gets her mail there. She stores her belongings there. She stays there on occasion. And she even, and this I think is the most compelling fact, you hear people complaining about how high Illinois taxes are, and they are, they're ridiculously high. She continues to pay her Illinois taxes while she's in South Dakota. You mean real estate or income? Real estate. Real estate. We don't know where she's paying income taxes. That's because she to stay in Illinois and you weren't going to keep that house. Why would you keep the house for an investment? She could, but she's never put it up for sale and she's continuing to pay the taxes on it. And you know, I'm a homeowner in Illinois myself. I know taxes are high. And I think if I weren't going to stay in Illinois, I wouldn't be paying taxes here. Her words, in addition to her actions, she has no plans to return to Pennsylvania where she came from. And no plans to stay in South Dakota. That's what she said in her deposition. After her military career ends, she's not staying in South Dakota. And that's important because that's the test under the law to establish a residency. Once residence is established, it's presumed to continue until the contrary is shown. And the burden of proof is on the person who claims there has been a change. In this case, we've got Ms. Clemons living in Illinois, owning a home in Illinois, declaring that her residence in Illinois, but then she was transferred to South Dakota. Mr. Winner, I did not see anything on the record that showed where she's registered to vote or where she's licensed to drive. Is that in the record anywhere? Um, I think I asked her in her deposition, but I think she said she's never voted anywhere. And I'm sorry, Justice Vaughn for not having that memorized. But I think she said she's never voted anywhere. And her driver's license, I believe was Pennsylvania. Mr. Zimmer can correct me if I'm wrong on that. But I think she has a Pennsylvania driver's license, which is interesting because in her discovery answers, she while she's claiming in this court, in the trial court, and in this court that she's a South Dakota resident in her answers to interrogatory, she claims my state of residency for all times relevant to this request was in Pennsylvania. She's claiming Pennsylvania, she's claiming South Dakota, anywhere but Illinois, where she owns her house. But with regard to the decision, the finding of the trial court in the order doesn't specifically spell out what the judge found. But it just says that the motion to dismiss is is denied. But the evidence is pretty compelling that Miss Clemens was a resident and believe that Hatcher case that we've cited and quoted from is very compelling, and pretty close to being on point on all fours, although the maneuverings in the cases were different. And in the Hatcher case, the defendant was trying to claim that he was and continued to be an Illinois resident. And his temporary transfer in the military, I think was in the Marines to as a change of residence. In this case, and the Hatcher case, I think is important too, because it says the person's presence in the state, due to military service is insufficient, standing alone to constitute a change of residence. In this case, we've got Miss Clemens being stationed in Illinois, it's got Air Force Base and buying a home there and living in that there. That is not her military transfer standing alone. It's it's indicia of her residence and staying in Illinois. Her transfer to South Dakota, on the other hand, all we have is her transfer to South Dakota. No, nothing else. And she even states in her affidavit that she has a potential deployment in December of 2021 to go somewhere else. We don't know where else her affidavit doesn't state. But she says she's currently unable to identify the location of the potential deployment. So she's, she testified she's not planning to stay in South Dakota. She submitted in her affidavit that she's going to be transferred somewhere else. And interestingly, neither in her to stay in South Dakota and make it my residence. She doesn't say that. So the judge was correct in determining that she was an Illinois resident at the time of this injury. And she was therefore subject to general jurisdiction. The defendant that has the burden of proof, in this case, to show a transfer failed to meet that burden. And the judge's decision below was not only not against the manifest way to the evidence, but it was correct. And that should be affirmed. But it's the standard of review. I believe the standard of review is is the trial judge's decision against the manifest way of the evidence. I understand you are entitled to review the evidence de novo as the appellate court, because this was all on paper. There was no live witnesses. But I believe that the standard of review is whether the decision was against the manifest way to the evidence. I don't think I need to go into any further arguments. But if your honors have any questions for me, I'll be glad to answer them. The rest of the rest of my brief on for the rest of the the specific jurisdiction question, I think that's basically an add on. But the general jurisdiction is established here. And we believe the trial court was correct in his ruling. Is she living on the base in South Dakota? Does the record show that? I don't know if the record shows that or not, Your Honor. She's living either on the base or near the base. But I don't know the answer to that specifically. Mr. Zimmer may know. Any questions from Justice Vaughn? Mr. Weiner, it seems to me the Hatcher case could almost go against you. In the Hatcher case, the defendant was an Illinois resident, was involved in an accident, then joined the Marine Corps and went to Tennessee and California, was sued under the Illinois vehicle code, a default judgment was entered, and then they filed a motion to vacate the default. But they admitted in the affidavit, they were an Illinois resident. So Illinois residency was never in question. On the Hatcher case here, you've got a Pennsylvania resident who joins the military, is assigned to Scott Air Force Base. The Hatcher case said your temporary time in the military didn't transfer residency to California or Tennessee. So why wouldn't that same apply here that your temporary time at Scott Air Force Base doesn't make your residence Illinois? Well, two points. Number one, Your Honor, the Hatcher case says your presence in the state due to military service is insufficient, standing alone. So in the Hatcher case, the defendant in that case was transferred to, I believe, Tennessee, and that by itself was insufficient to show a transfer of residence. Here we have Ms. Clemmons getting transferred to Illinois, or I don't know if it was a transfer or her location was in Illinois, and she bought a home here. And second, Your Honor, the Hatcher case could be a problem for me if the defendant was claiming in the trial court and here that she maintained her residency in Pennsylvania, but that's not what she's claiming. She's claiming she's now a resident of South Dakota. She's abandoned her Pennsylvania residence in this court. So the problematic aspect of the Hatcher case, I agree, would be a problem, Your Honor, if she was claiming Pennsylvania residency, but she's not. I hope that answers your question. Yes, thank you. Thank you. You see, I have time left, but if there's no other questions, I don't have anything else left to say. Any other questions, Justice Baum? No questions. Thank you, Your Honor. Okay, thank you. Ray Bauble? Thank you, Your Honor. Just a couple of things. I know plaintiff mentioned some things and said I could correct them, but I think counsel got them right. I didn't know if I could speak at that time. She does have a Pennsylvania driver's license, and she has never registered to vote. I think it was both addressed during her deposition. The first thing I want to respond to is I think it should be without dispute that the standard of review here is de novo. Illinois courts have consistently said that when a jurisdictional issue is decided on entirely documentary evidence, then the standard of review at the appellate court is de novo. Counsel has mentioned repeatedly military service standing alone doesn't establish resonance, but we don't have it standing alone here. We have her testimony. Counsel was inaccurate when he said that Ms. Clemons never testified to having an intention to reside in South Dakota. Her deposition, as cited in our briefs at page 25, says that she intended to return or intended to reside in South Dakota and continue to reside there after this incident. It's addressed specifically in her affidavit. She says she intended to reside in South Dakota. Counsel keeps returning to this issue of home ownership, but home ownership is not what establishes residence. People own homes in multiple states at times. That is not established that they then have multiple residences. She gave her address in her affidavit. I don't know if she specifically addressed whether she's renting a home or not, but she is renting a home in South Dakota. I don't see any difference between owning a home and renting a home. Both of those allow you to establish physical residence in a state, which is what the Illinois Supreme Court looks at under the Schultz case. She has an intention and had an intention to reside in South Dakota, and she was a year. The fact that she owns a home in Illinois is irrelevant. Again, the fact that she pays taxes on that home, that's just the nature of owning a home. You have to pay taxes on it. She wasn't living there, though. She had abandoned that home as a residence and had moved to South Dakota, where she testified that she intended to reside for the entirety of the time. Essentially, again, I just returned to you can only have one domicile. To take plaintiff's argument that her domicile was this home that she owned in Illinois, where she did not physically reside, had no intention to reside in at the time of the alleged incident, I think goes against all the evidence in this case. She was physically residing in South Dakota, and that is what she did. Then going back to her intention of where she was going to live afterwards, she said she doesn't know where she's going to live. She didn't say she was going to return to Illinois. She doesn't know if she's going to return to Pennsylvania. We put this in one of our briefs. If a person moves to Illinois for a job, and they intend to live here until they retire and they move to Florida, that does not establish Florida as their permanent residence. It, the actual standard under Illinois case law is a present intention to move. A future idea that you're going to move somewhere when your job is done is not a present intention. In this case, her intention was to remain in South Dakota until her deployment ended. She did put in there, in her affidavit, she potentially had a deployment coming up, but it didn't come to fruition. But she had no present intention at any point related to this incident to move to any state other than South Dakota. Her residence at the time was where she physically resided. It was her only residence. You could only have one residence under the law, and that's where she resided. Thank you, counsel. Any other points you wish to make? I have no other points to make. Any questions from Justice Vaughn? No other questions. Thank you. Justice Welch? No questions. Okay, the court will take this matter under advisement and issue its decision in due course.